IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01855-WYD-MEH

COBBLER NEVADA, LLC,

      Plaintiff,

v.

DOES 2, 4-12, 14-29,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on December 17, 2015.**

      John Doe's [#11] Motion to Quash and/or Vacate [filed December 16, 2015; docket #20] is **denied without prejudice** for the following reasons.

      First, Defendant Doe #11 has failed to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that Doe #11 seeks to proceed in this litigation anonymously. However, he or she has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Doe #11 wishes to re-file his or her motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before January 8, 2016**, and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).[1]  With

---

[1] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.

such filing, Doe #11 must provide to the Court his or her name, address, telephone number and email address in the form of a separate written "supplement" to the motion. If Doe #11 wishes to keep this supplement (containing his or her identifying information) confidential, he or she may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Next, due to its varied requests for relief, adjudication of the single motion will likely require several different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court instructs Doe #11 that if he or she chooses to re-file, his requests for relief each must be made in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")

Finally, the Court notes that Doe #11 failed to file with his or her motion a copy of the challenged subpoena. Therefore, if Defendant chooses to re-file his or her motion to quash, he or she is instructed to file a copy of the challenged subpoena with the motion.